[Cite as *State v. Wright*, 2011-Ohio-3583.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95634**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM WRIGHT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534039

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 21, 2011

**ATTORNEY FOR APPELLANT**

Eric Norton
Norton Law Firm Co., L.P.A.
12434 Cedar Road
Suite 6
Cleveland, Ohio   44106


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ALSO LISTED**

William Wright
Inmate No. A591-063
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44901

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, William Wright, brings this appeal challenging his four-year prison sentence for having weapons while under disability and child endangerment, and the denial of his motion to withdraw his guilty plea. After a thorough review of the record and law, we affirm appellant's sentence and decline to address his other assigned error.

**{¶ 2}** The record in this case is sparse, but the following facts were gleaned from appellant's affidavit, various pleadings, and journal entries. On February 5, 2010, appellant was working with co-defendant, Loren Webb, at a recording studio appellant had set up at the home of his girlfriend, Felishia Robinson, where appellant also resided. A Cleveland police officer posing as a Federal Express employee delivered a package to the address, and Webb signed for and accepted the package. A few minutes later, Cleveland police officers entered the home. Appellant avers that he, Webb, and Robinson were placed in handcuffs. Officers showed appellant that the package Webb had signed for contained marijuana. Appellant further stated that a police officer asked him if there was anything in the house they should know about. He told the officer about some guns located in the attic. According to appellant, these guns were secured behind two locked doors and stored in a locked gun safe. Appellant averred that he did not have a key to the doors or the safe.

**{¶ 3}** Appellant was arrested and on, March 4, 2010, indicted along with Webb for drug trafficking, drug possession, possession of criminal tools, and individually for having weapons while under disability and child endangerment. As part of a plea agreement, appellant pled guilty to having weapons while under disability and child endangerment, and the remaining counts were dismissed. On July 28, 2010, appellant was sentenced to a

four-year term of incarceration and a $250 fine for having a weapon while under disability and fined $250 for child endangerment. Appellant was ordered to forfeit two guns, and the court also suspended his driver's license until January 28, 2011.

{¶ 4} Appellant then appealed from his sentence, including the sentencing entry, in his notice of appeal. After filing this notice, he filed a motion to withdraw his guilty plea with the trial court on October 7, 2010. The trial court denied this motion on October 13, 2010 without holding a hearing. Appellant also assigns an error related to this denial, but failed to separately appeal it or amend his notice of appeal.

## Law and Analysis

## Withdrawal of Plea

{¶ 5} Appellant first argues that "[t]he trial court abused its discretion in denying [his] motion to withdraw guilty plea, thereby violating his rights to substantive and procedural due process guaranteed by Article I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution." However, appellant's notice of appeal does not include the journal entry denying this motion. Appellant failed to separately appeal this issue.

{¶ 6} App.R. 3(D) specifies that a notice of appeal "shall designate the judgment, order or part thereof apealed [sic] from[.]" In *Parks v. Baltimore*

*& Ohio RR.* (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674, this court noted that it had previously held that a court of appeals is "without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal." Id., citing *Schloss v. McGinness* (1984), 16 Ohio App.3d 96, 97-98, 474 N.E.2d 666. This court has applied this holding to cases similar to the one here. See *State v. Kennedy*, Cuyahoga App. No. 79143, 2002-Ohio-42; *State v. Millhouse*, Cuyahoga App. No. 79910, 2002-Ohio-2255, ¶51-52. Appellant failed to amend his notice of appeal according to the procedures set forth in App.R. 3(F) or file a separate notice from the denial of his motion to withdraw his plea.

{¶ 7} Because this assignment of error addresses issues outside the scope of the present appeal, it will not be addressed.

## Length of Sentence

{¶ 8} Appellant next argues that "[t]he trial court abused its discretion by sentencing [him] to a four-year prison term on his conviction for one count of having weapons while under disability, thereby violating his rights to substantive and procedural due process and cruel and unusual punishment guaranteed by Article I, Section 10 of the Ohio Constitution and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution."

{¶ 9} This court reviews sentencing errors under the two-prong approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896

N.E.2d 124. See *State v. Brunning*, Cuyahoga App. No. 95376, 2011-Ohio-1936, ¶16, fn. 2. Under *Kalish*, we first review whether the sentence is clearly contrary to law. Our review of this issue is focused on the permissible punishments for a given charge and applicable rules and statutes to determine whether the sentence falls within those bounds. Id at ¶25. If it is not clearly and convincingly contrary to law, we review the sentence for an abuse of discretion. Id.

{¶ 10} Appellant pled guilty to possessing weapons while under disability, a third degree felony, punishable by up to five years in prison. R.C. 2923.13(B); R.C. 2929.14(A)(3). The court also imposed a $250 fine, which is allowed under R.C. 2929.18(A)(3)(c). The four-year prison term falls within the permissible penalty for a third degree felony; therefore, it is not clearly contrary to law.

{¶ 11} The trial court also suspended appellant's driver's license until January 28, 2011, which is not provided for by statute for a weapon-under-disability conviction. This portion of appellant's sentence is contrary to law. While R.C. 2953.08(G)(2) provides that this court may "increase, reduce or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" upon finding it contrary to law, that part of appellant's sentence that is contrary to law has expired. Any remedy granted by this court would have

no effect. Therefore, the trial court's error in suspending appellant's drivers license is moot.

**{¶ 12}** The remainder of appellant's sentence is not clearly contrary to law. Therefore, we proceed under the second prong of Kalish to determine whether the trial court abused its discretion in crafting appellant's sentence.

**{¶ 13}** The purposes and principles for felony sentencing are set forth in R.C. 2929.11, and R.C. 2929.12 gives trial courts guidance in applying these goals. Appellant urges this court to review the sentencing transcript "to determine whether the trial court ever expressly states that it considered the purposes of" these statutes. However, appellant failed to provide a copy of the sentencing transcript.[1] All we are left with to review is the sentencing entry, which specifically states: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." In the absence of evidence in the record to the contrary, we must uphold these pronouncements and find that the trial court considered the purposes and principles of felony sentencing and did not abuse its discretion.

**{¶ 14}** Appellant's second assignment of error is overruled.

---

[1] Appellant filed a motion to supplement the record, which was granted by this court on February 22, 2011, but it appears that appellant failed to file the transcript. Appellant is tasked with providing the record for this court's review and, in the absence of such a record, this court must presume regularity of the proceedings below. *In re Guardianship of Muehrcke*, Cuyahoga App. Nos. 85087 and 85183, 2005-Ohio-2627, ¶15-16.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR