[Cite as *State v. Jones*, 2012-Ohio-584.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96630**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CORNELL JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-516398 and CR-516891

**BEFORE:** Cooney, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**FOR APPELLANT**

Cornell Jones
Inmate #564-306
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, OH 44030


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Cornell Jones ("Jones"), pro se, appeals the trial court's denial of his motion to withdraw his plea. Finding no merit to the appeal, we affirm.

{¶2} In 2008, Jones was indicted in two separate cases (CR-516398 and CR-516891) on multiple drug charges. He entered into a plea agreement, and pled guilty to one count of drug trafficking in the first case and one count of drug trafficking in the second case. The trial court accepted his plea and sentenced him to two eight-year

terms, to be served concurrently. The sentencing entry states this was a mandatory agreed sentence.

{¶3} In 2009, Jones's direct appeal was dismissed as untimely, but a delayed appeal was later granted. In 2010, appellate counsel for Jones moved to withdraw as counsel and dismiss the appeal. These motions were granted.

{¶4} In 2011, Jones moved to withdraw his guilty plea. The motion was denied by the trial court. Jones filed an untimely appeal of the denial that was dismissed by this court. Jones moved for a delayed appeal, which was granted. Jones's assigned counsel filed an *Anders* brief and sought leave to withdraw as counsel. This court granted the motion and gave Jones leave to file a pro se brief.

{¶5} Jones now appeals pro se, raising five assignments of error.

{¶6} In his first assignment of error, Jones argues that the trial court erred in denying his motion to withdraw his guilty plea without inquiry into the merits of his allegations. In his second assignment of error, Jones argues that he received ineffective assistance of counsel. In his third assignment of error, Jones argues that his guilty plea was the product of ineffective assistance of counsel. Jones's arguments are intertwined in these three assignments of error, and therefore, we shall address them together.

{¶7} Crim.R. 32.1 governs the withdrawal of guilty pleas, and provides that:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶8}** A defendant moving for a post-sentence withdrawal of a guilty plea has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. This court has stated that:

> [a] manifest injustice is defined as a "clear or openly unjust act[;]" * * * "an extraordinary and fundamental flaw in the plea proceeding." * * * "[M]anifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her. *State v. Sneed*, 8th Dist. No. 80902, 2002-Ohio-6502, at ¶ 13.

**{¶9}** A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *Smith*, paragraph two of the syllabus. Consequently, an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984); *State v. Xie*, 62 Ohio St.3d 527, 584 N.E.2d 715 (1992). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶10}** First and foremost, Jones argues that the trial court erred in denying his motion without a hearing. However, this court has repeatedly held that if the facts, as

alleged by the defendant, and taken as true, do not require the court to allow the defendant to withdraw his guilty plea, the court is not required to hold a hearing on defendant's motion. *State v. Yearby*, 8th Dist. No. 79000, 2002 WL 120530 (Jan. 24, 2002), citing *State v. Legree*, 61 Ohio App.3d 568, 573, 573 N.E.2d 687 (6th Dist.1988); *Blatnik*.

**{¶11}** In addition, Jones argues that his counsel had a conflict of interest due to his own pending drug charge, alleging that his counsel's representation was influenced by counsel's desire to ingratiate himself with the prosecution. Jones claims that his plea deal was made in exchange for leniency in his counsel's personal case, thus denying Jones effective assistance of counsel. Jones also argues that in light of these allegations the trial court should have held a hearing on his motion to withdraw his plea. Jones also alleges that his counsel misrepresented the maximum sentence and frightened Jones into agreeing to the plea deal.

**{¶12}** To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶13}** As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the

trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus (1976).

{¶14} This court must presume that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Strickland* at 689. Courts must generally refrain from second-guessing trial counsel's strategy, even where that strategy is questionable, and appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 744 N.E.2d 163 (2001).

{¶15} In the instant case, Jones fails to substantiate his claims for ineffective assistance of counsel with any evidence from the record. There is no evidence that his counsel's performance fell below an objective standard of reasonableness in exchange for a more favorable outcome for himself. Moreover, were we to assume arguendo that his counsel's conduct was unreasonable, Jones has failed to illustrate how he was prejudiced. Jones was charged with multiple drug charges in two separate cases and yet entered into a plea agreement in which he pled guilty to only two charges, the sentences for which were ordered to run concurrently.

**{¶16}** Despite Jones's numerous allegations, there is no showing of a manifest injustice in regard to Jones's guilty plea, and therefore, the trial court did not abuse its discretion in denying Jones's motion to withdraw.

**{¶17}** Accordingly, the first, second, and third assignments of error are overruled.

**{¶18}** In his fourth assignment of error, Jones argues that the trial court committed reversible error in failing to comply with Crim.R. 11(C).

**{¶19}** Jones argues that the trial court failed to comply with Crim.R. 11(C) when it failed to comply with the "non-citizenship requirement pursuant to R.C. 2945.031 [sic]." R.C. 2943.031 is only applicable to non-citizen defendants. Jones has not set forth any evidence, nor alleged, that he is not a citizen. Therefore, R.C. 2943.031 does not apply.

**{¶20}** Jones also argues that his plea was not knowingly and voluntarily made because he was not aware of the potential consequence associated with his plea. However, without the transcript of his plea hearing filed in the instant appeal, we must presume regularity and the validity of the trial court's acceptance of his plea. *Ostrander v. Parker-Fallis Insulation Co.*, 29 Ohio St.2d 72, 74, 278 N.E.2d 363 (1972).

**{¶21}** He also argues that his convictions should have been merged as allied offenses. However, merger of allied offenses is not related to the trial court's compliance with Crim.R. 11. Any argument pertaining to the merger of allied offenses

is barred by the doctrine of res judicata, because such a claim should have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221.

**{¶22}** Jones also contends that the trial court violated R.C. 2929.11 and 2929.12 in sentencing him. In addition, he contends that the grand jury that originally indicted him was the "product of racial discrimination." Neither of these arguments pertain to Jones's motion to withdraw his plea nor to the fourth assignment of error. An appellate court may disregard an argument or assignment of error not properly and separately argued. App.R. 16(A)(7) requires that an appellant include in his brief:

> An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

Therefore, we decline to review these arguments.

**{¶23}** Accordingly, the fourth assignment of error is overruled.

**{¶24}** In his fifth assignment of error, Jones argues that he was denied effective assistance of counsel when his attorney failed to seek an independent analysis of the drug substance at issue during his trial.

**{¶25}** We decline to review this assignment of error because it does not relate to the issue on appeal — the trial court's denial of Jones's motion to withdraw his plea. This court, in *Chapon v. Std. Contracting*, 8th Dist. No. 88959, 2007-Ohio-4306, at ¶3, stated:

This court has held that "bootstrapping," that is, "the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order ." *State v. Church*, 8th Dist. No. 68590, 1995 WL 643794 (Nov. 2, 1995), citing App.R. 3(D), 4(A), 5, and 16(A)(3).

**{¶26}** Thus, we find Jones's appeal of his counsel's alleged failure to seek independent analysis of the drugs to be untimely. Moreover, this argument is barred by the doctrine of res judicata as it should have been raised on direct appeal.

**{¶27}** Accordingly, the fifth assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR