**[Cite as *State v. Pollard*, 2012-Ohio-2311.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97468

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY B. POLLARD

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, DISMISSED IN PART, REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-494739

**BEFORE:**   E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 24, 2012

**FOR APPELLANT**

Anthony Pollard, pro se
Inmate No. A543-538
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio   43724

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** Appellant, Anthony Pollard, appeals the denial of his motion to correct an unlawful sentence entered in the Cuyahoga County Court of Common Pleas. Appellant argues that the trial court committed plain error in failing to merge his convictions for allied offenses of similar import and improperly denied his motion to withdraw his guilty plea. We affirm, finding that appellant failed to timely appeal his conviction and sentencing and has failed to present an assignment of error that relates to his notice of appeal. Because the trial court has failed to comply with our prior order remanding for a hearing pursuant to R.C. 2929.191, we remand this case to the trial court to comply with this court's order of February 17, 2011.

**{¶3}** On March 11, 2008, appellant pleaded guilty to two counts of carrying a concealed weapon and one count of having a weapon while under disability. The court sentenced appellant to three years of incarceration: 12 months on the carrying concealed weapons charges and three years on the having a weapon while under disability charge, all running concurrently. Additionally, the court imposed three years of postrelease control on each count. The appellant filed a motion for resentencing, alleging that the trial court had exceeded its authority by sentencing him to postrelease control. Following the trial

court's denial of that motion, appellant timely appealed. On February 17, 2011, we reversed solely the trial court's imposition of postrelease control, and remanded the case for a limited hearing pursuant to R.C. 2929.191. *State v. Pollard*, 8th Dist. No. 94969, 2011-Ohio-725.

{¶4} Both before and after this court's opinion, appellant filed a series of motions seeking to vacate his plea and/or for resentencing, none of which were granted. On September 23, 2011, appellant filed a motion to correct an unlawful sentence. The trial court denied the motion on October 4, 2011. The denial of the motion to correct an unlawful sentence is what the plaintiff designated as the subject matter of the present appeal.

{¶5} Appellant's first three assignments of error pertain to his original plea and sentencing that occurred in 2008. Appellant argues that the trial court committed plain error when it imposed multiple sentences for convictions that are allied offenses of similar import and failed to comply with Crim.R. 32(C). Appellant, however, filed neither a notice of appeal from his original conviction and sentencing within the 30 day jurisdictional requirement set forth in App.R. 4(A), nor a motion for a delayed appeal pursuant to App.R. 5(A). Additionally, appellant failed to raise the present assignments of error in his prior appeal.

{¶6} As we have previously held, "without a timely notice of appeal from the order challenged, this court lacks jurisdiction to consider it." *State v. Lopez*, 8th Dist.

No. 85306, 2005-Ohio-3711, ¶ 15, citing *State v. Thompson*, 8th Dist. No. 82274, 2003-Ohio-4405.

{¶7} Appellant is attempting to raise a claim that should have been brought on direct appeal by challenging a subsequent order. As we have previously stated,

> This court has held that "bootstrapping," that is, "the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." *State v. Church,* 8th Dist. No. 68590, 1995 WL 643794 (Nov. 2, 1995), citing App.R. 3(D), 4(A), 5, and 16(A)(3); *see also State v. Jones*, 8th Dist. No. 96630, 2012-Ohio-584.

{¶8} Appellant's motion to correct an unlawful sentence is not a substitute for a direct appeal. *State v. Adams*, 5th Dist. No. CT2011-0036, 2012-Ohio-17, ¶ 9. "Any argument pertaining to the merger of allied offenses is barred by the doctrine of res judicata because such claim should have been raised on direct appeal." *State v. Jones*, 8th Dist. No. 96630, 2012-Ohio-584, at ¶ 21, citing *State v. Davis,* 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221. Thus, we find appellant's first three assignments of error to be untimely and, therefore, we overrule them.

{¶9} Appellant's fourth, fifth and sixth assignments of error address the trial court's denial of a motion to withdraw a guilty plea filed by appellant on September 23, 2011. None of these assignments of error relate to the subject matter of the present appeal. Appellant's notice of appeal states that the subject matter of appellant's appeal was the October 4, 2011 trial court's denial of the motion to correct an unlawful sentence. Assignments of error four through six do not relate to, and are not within the scope of,

the October 4, 2011 denial of defendant's motion to correct his unlawful sentence. App.R. 3(D) states that a notice of appeal "shall designate the judgment, order, or part thereof appealed from." We noted in *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (8th Dist.1991), that this court has consistently held that an appellate court is "without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal." *Id.* at 428; *see also State v. Kennedy,* 8th Dist. No. 79143, 2002-Ohio-42; *State v. Millhouse,* 8th Dist. No. 79910, 2002-Ohio-2255, ¶ 51-52. Applying this principle, this court concluded in *State v. Wright*, 8th Dist. No. 95634, 2011-Ohio-3583, "[b]ecause this assignment of error addresses issues outside the scope of the present appeal, it will not be addressed." *Id.* at ¶ 7. Therefore, we will not address the appellant's assignments of error pertaining to the withdrawal of his guilty plea.

{¶10} However, although not explicitly raised by appellant as an assignment of error, we do note that the trial court's March 4, 2011 journal entry following our remand in *State v. Pollard*, 8th Dist. No. 94969, 2011-Ohio-725, states:

> The Court is without jurisdiction to conduct a hearing per the C/A opinion as the docket clearly indicates the C/A dismissed this appeal before they issued a decision; That dismissal preceded the order to vacate and remand and therefore, this court cannot proceed. At the time the C/A issued its decision, the matter was already dismissed and not properly before the C/A.

{¶11} Appellant's September 23, 2011 motion to correct an unlawful sentence, which is the subject matter of the present appeal, specifically requested that the trial court comply with our remand for resentencing.

**{¶12}** A review of our docket in Appeal No. 94969 reveals that this court did initially dismiss appellant's prior appeal on May 10, 2010 for failure to file the record. However, this court granted appellant's motion for reconsideration on May 19, 2010, noting that the record had in fact, been filed on April 27, 2010 and reinstated the appeal. We then issued an opinion directing the trial court to act.

**{¶13}** We note that

> [t]he doctrine of the law of the case * * * establishes that the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.*, 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "[A]n inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan*, at syllabus.

**{¶14}** We reverse and remand solely for the trial court to comply with our prior remand instructions and conduct a hearing pursuant to R.C. 2929.191.

**{¶15}** For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion and our prior mandate.

It is ordered that each party shall bear its own costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., CONCURS
IN PART, AND DISSENTS IN PART WITH
SEPARATE OPINION

COLLEEN CONWAY COONEY, P.J., CONCURRING IN PART, DISSENTING IN PART:

{¶16} I concur in part and agree to reverse and remand to correct Pollard's unlawful sentence, pursuant to our mandate in *State v. Pollard*, 8th Dist. No. 94969, 2011-Ohio-725 ("*Pollard I*").

{¶17} I also agree that Pollard's six assignments of error are improperly raised and need not be addressed. I dissent from dismissing or affirming in part because I would just overrule these assigned errors. However, Pollard properly appealed from the trial court's denial of his motion to correct his unlawful sentence. Thus, I would reverse the denial of Pollard's motion to correct his unlawful sentence and remand for the proper imposition of postrelease control pursuant to *Pollard I*.