[Cite as *State v. Briscoe*, 2012-Ohio-4943.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98414

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY BRISCOE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-487410

BEFORE:  E. Gallagher, J., Stewart, P.J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:  October 25, 2012

**FOR APPELLANT**

Harry Briscoe, pro se
Inmate No. 530-252
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mark J. Mahoney
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** Appellant Harry Briscoe appeals the judgment of the Cuyahoga County Court of Common Pleas denying his "leave to plead instanter motion for new trial." For the following reasons, we affirm.

**{¶3}** In 2007, Briscoe was convicted of one count of murder and two counts of aggravated robbery and was sentenced to an aggregate prison term of 28 years to life. Appellant brought a direct appeal of his conviction and sentence. In *State v. Briscoe*, 8th Dist. No. 89979, 2008-Ohio-6276 ("*Briscoe I*"), this court affirmed appellant's convictions for murder and one count of aggravated robbery and reversed the second aggravated robbery conviction due to a defective indictment. The judgment of this court in *Briscoe I* was affirmed by the Ohio Supreme Court in *State v. Briscoe*, 124 Ohio St.3d 117, 2009-Ohio-6540, 919 N.E.2d 735.

**{¶4}** On February 21, 2012, appellant filed, pro se, a leave to plead instanter motion for a new trial. Briscoe argued in his motion that newly discovered evidence, in the form of a letter written by Charles M. Connor that partially criticizes the quality of fingerprint evidence offered by the prosecutor, entitled him to a new trial pursuant to Crim.R. 33(A)(6).

**{¶5}** The record reflects that appellant filed a motion to appoint an independent expert at the state's expense on March 14, 2007. The motion sought expenses for Mr. Connor to examine fingerprint and palmprint evidence and for the state to provide Mr. Connor with fingerprint evidence in the case. The trial court granted appellant's motion.

**{¶6}** Mr. Connor contacted defense counsel by letter, dated April 10, 2007. That letter is addressed to appellant's trial counsel, Terri Webb, at the Cuyahoga County Public Defender's Office and states in part:

> I have prepared a statement regarding the examination of the evidence offered by the prosecutor's office on Wednesday April 4, 2007 and have enclosed a copy for your use in dealing with the defendant.

**{¶7}** Following the trial court's order granting appellant's motion for the fingerprint examination, the record contains no mention of the results of Mr. Connor's examination.

**{¶8}** The trial court denied appellant's leave to plead instanter motion for new trial on March 2, 2012. Appellant now appeals, raising two assignments of error.

Assignment of Error One

> Appellant received ineffective assistance of counsel in violation of his rights pursuant to the sixth amendment to the United States Constitution and section 10, article 1 of the Ohio Constitution.

Assignment of Error Two

> Appellant's constitutional right to due process were [sic] violated when

prosecuting attorney [sic] with held [sic] exculpatory evidence which could have effected [sic] the outcome of trial.

{¶9} In his first assignment of error, appellant fails to present any argument that the trial court erred in denying his motion for a new trial. Instead, appellant asserts that his trial counsel provided ineffective assistance of counsel by not introducing Mr. Connor's letter at trial. As such, appellant's argument does not relate to the subject matter of and is not within the scope of the present appeal. This Court need not address an assignment of error pertaining to issues outside the scope of an appeal. *State v. Pollard*, 8th Dist. No. 97468, 2012-Ohio-2311 ¶ 9, citing *State v. Wright*, 8th Dist. No. 95634, 2011-Ohio-3583.

{¶10} To the extent that appellant's argument could be construed as an argument that the trial court erred in denying his motion, the argument still fails. To warrant the granting of a new trial on the grounds of newly discovered evidence,

> it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Barnes*, 8th Dist. No. 95557, 2011-Ohio-2917, ¶ 23, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶11} Appellant fails to meet this standard in several respects. Contrary to appellant's assertions, the letter written by Mr. Connor is not newly discovered evidence because the record demonstrates that appellant requested the fingerprint examination and

the trial court allowed it more than a month prior to trial. Furthermore, Mr. Connor's letter to appellant's trial counsel was dated April 10, 2007, more than a month prior to appellant's trial. Appellant presented no argument before the trial court or on appeal to explain how he was prevented from discovering, using reasonable diligence, an opinion letter allowed by the trial court and written to his own trial attorney well in advance of his trial.

{¶12} What appellant has sought to do in this assignment of error is to raise a claim of ineffective assistance of counsel that should have been brought on direct appeal. Appellant seeks to impermissibly bootstrap this error into the present appeal by challenging the trial court's subsequent order denying his motion for a new trial. As we have previously stated:

> This court has held that "bootstrapping," that is, "the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." *State v. Pollard*, 8th Dist. No. 97468, 2012-Ohio-2311, ¶ 4, citing *State v. Church*, 8th Dist. No. 68590 (Nov. 2, 1995); *see also State v. Jones*, 8th Dist. No. 96630, 2012-Ohio-584 (Feb. 16, 2012).

{¶13} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction

or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The proper avenue for appellant to have argued that his attorney provided ineffective assistance of counsel by choosing not to introduce Mr. Connor's letter was on direct appeal. Appellant failed to raise such claim and he cannot now bootstrap this error into the present appeal by challenging the trial court's denial of his motion for a new trial.

{¶14} Finally, we note that appellant has failed to provide a transcript from his trial for the purposes of this appeal. Without a transcript the record is inadequate to permit a review of the claimed error. The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). When portions of the transcript necessary for resolution of an assigned error are omitted from the record, the reviewing court has nothing upon which to pass judgment and thus, as to such an assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Id*.

{¶15} Appellant's first assignment of error is without merit and overruled.

{¶16} In appellant's second assignment of error, appellant again fails to argue that the trial court erred in denying his motion for a new trial. Instead, appellant argues that the prosecutor withheld Mr. Connor's letter from introduction at trial and violated

the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant failed to raise this argument in his motion for a new trial before the trial court and as such it is outside the scope of the present appeal. The state cannot withhold what they never did hold. Mr. Connor was a defense expert, appointed by the trial court and provided his findings to defense counsel well in advance of trial.

{¶17} Appellant's second assignment of error is overruled.

{¶18} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR