[Cite as *Rogers v. Fuerst*, 2014-Ohio-2774.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   100670

---

# DEMALE ROGERS

#### PLAINTIFF-APPELLANT

vs.

# GERALD E. FUERST, ET AL.

#### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-808512

**BEFORE:**     Boyle, A.J., Blackmon, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**     June 26, 2014

**FOR APPELLANT**

Demale Rogers, pro se
Inmate No. 462-269, M.C.I.
P.O. Box 57
Marion, Ohio    43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brendan R. Doyle
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, A.J.:

**{¶1}** Plaintiff-appellant, Demale Rogers, appeals pro se from the trial court's judgment granting the motion to dismiss of defendants-appellees, Gerald Fuerst, Lisa Jones, and Candice McCafferty. Rogers raises two assignments of error for our review:

> 1. Whether a grant of defendants' motion to dismiss, Civ.R. 12(B)(6) predicated on: (1) res judicata * * *; (2) materials and evidence outside the pleading, i.e., the complaint; * * *; and (3) a finding of absolute immunity was/is "contrary to law" and "clearly erroneous" as a matter of law and fact.

> 2. Whether the trial court's inclusion of a party whom was not a defendant named in the initiating complaint, i.e., "ANDREA F. ROCCO," will suffice to relieve the named principal defendant "GERALD E. FUERST," of his default, and will equally suffice to support the trial court's grant of defendants' Civ.R. 12(B)(6) motion to dismiss.

**{¶2}** Finding no merit to his arguments on appeal, we affirm the judgment of the trial court.

### Procedural History and Factual Background

**{¶3}** In June 2013, Rogers filed a complaint for false imprisonment against Fuerst, former Cuyahoga County clerk of courts, as well as Jones and McCafferty, Cuyahoga County deputy clerks of courts. Rogers alleged that because the grand jury indictment against him did not possess a time or file stamp from the clerk of courts, and the journal entry convicting and sentencing him did not possess a time stamp, they were never actually filed with the court. He therefore claims that the trial court lacked jurisdiction to hear his criminal case, and as a result, he was wrongly imprisoned.

**{¶4}** The defendants collectively moved to dismiss the case pursuant to Civ.R. 12(B)(6), which the trial court granted. It is from this judgment that Rogers now appeals.

Standard of Review

**{¶5}** When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

**{¶6}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 537 N.E.2d 1292 (1989). A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397, 613 N.E.2d 199 (1993); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988); *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100, 491 N.E.2d 1114 (1986).

**{¶7}** Thus, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Citations omitted in original.)

*O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

Analysis

{¶8} Although Rogers's arguments are difficult to decipher, he alleged in his complaint that the court lacked jurisdiction over him because the grand jury indictment did not contain either a file stamp or a time stamp. He further alleged that the court did not have jurisdiction over him because, although the judgment entry convicting and sentencing him contained a file stamp, it lacked a time stamp. According to Rogers, under R.C. 2303.08 and 2303.10, documents filed with the clerk of courts must contain both a time stamp and a file stamp. Rogers, however, misconstrues the meaning of R.C. 2303.08 and 2303.10.

{¶9} R.C. 2303.08 sets forth "general duties" of the clerk of the common pleas court. It provides in relevant part that

> [t]he clerk of the court of common pleas shall indorse on each pleading or paper in a cause filed in the clerk's office the time of filing, enter all orders, decrees, judgments, and proceedings of the courts of which such individual is the clerk, [and] make a complete record when ordered on the journal to do so[.]

R.C. 2303.10 specifically explains how a clerk of court "indorses" papers filed with it, stating that "[t]he clerk of the court of common pleas shall indorse upon every paper filed with him the date of the filing thereof, and upon every order for a provisional remedy and upon every undertaking given thereunder, the date of its return to his office."

{¶10} Thus, these statutes make clear that papers filed with the clerk of courts do not need to state the exact time it was filed. Rather, when papers are filed with the court, the clerk must "indorse" them with "the date of filing."

**{¶11}** Significant to our analysis here is the fact that Rogers attached documents to his complaint, namely the grand jury indictment against him and the judgment entry convicting and sentencing him, that patently negate his claims. In *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, this court explained:

> "[D]ocuments attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners*, *L.L.C.*, 160 Ohio App.3d 421, 427, 2005-Ohio-1669, 827 N.E.2d 797 (8th Dist.), citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997). * * * The court may also consider material pertinent to jurisdictional issues without converting the motion into one for summary judgment. *Shockey v. Fouty*, 106 Ohio App.3d 420, 423, 666 N.E.2d 304 (4th Dist.1995).

*Glazer* at ¶ 38.

**{¶12}** In this case, both the grand jury indictment and judgment entry convicting and sentencing Rogers contain a file stamp from the clerk of courts, dated June 24, 2003 and February 26, 2004, respectively. The file stamps are evidence that the indictment and judgment entry were properly filed and journalized with the court. "Endorsing the fact and date of filing on the judgment entry itself is evidence that it was filed on that date." *In re Hopple*, 13 Ohio App.3d 54, 55, 468 N.E.2d 129 (6th Dist.1983), citing *Ferrebee v. Boggs*, 18 Ohio St.2d 87, 247 N.E.2d 753 (1969); *King v. Penn*, 43 Ohio St. 57, 61, 1 N.E. 84 (1885), and *Lewis v. Pub. Fin. Corp.*, 9 Ohio App.2d 215, 223 N.E.2d 828 (7th Dist.1967).

**{¶13}** Even if we were to accept Rogers's interpretation of R.C. 2303.08 and 2303.10, that is, that the clerk must indicate not only the date but the time of filing, it would not mean that the court lacked jurisdiction over him or his criminal case.

**{¶14}** The Ohio Supreme Court has explained that the filing of the complaint invokes the jurisdiction of the trial court, but that a pleading is "filed" when it is properly deposited with the clerk of courts. *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, ¶ 5, 7, *judgment vacated in part on reconsideration on other grounds*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260. A clerk's failure, however, to file stamp a document does not create a jurisdictional defect, and when a pleading lacks an endorsement from the clerk, filing may be proven by other means. *Id*. at ¶ 8, 10. The Supreme Court concluded in *Rouse* that there was sufficient evidence in the case, such as the electronic docket sheet and an affidavit from the clerk of courts, to show that the complaint was filed with the clerk even though it lacked a time or date stamp. *Id*. at ¶ 10-11.

**{¶15}** Here, the grand jury indictment is stamped "Received for Filing June 24, 2003 Gerald E. Fuerst." The judgment entry convicting and sentencing Rogers is stamped "Filed Feb. 26, 2004 Gerald E. Fuerst, Clerk of Courts, Cuyahoga County, Ohio." This is certainly more than sufficient evidence that the documents were filed with the court.

**{¶16}** Rogers's first assignment of error is overruled.

**{¶17}** In his second assignment of error, Rogers claims that the trial court and defendants improperly substituted the present clerk of courts for Cuyahoga County, Andrea F. Rocco, for Fuerst, who he named in his complaint. Rogers, however, has failed to cite any authority for his argument as required by App.R. 16(A)(7). Thus, we decline to address it.

**{¶18}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
MELODY J. STEWART, J., CONCUR