[Cite as *Moore v. Naiman*, 2017-Ohio-1163.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   104715

## ROBERT MOORE, III

PLAINTIFF-APPELLANT

vs.

## DEBORAH NAIMAN

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-859882

**BEFORE:**   Boyle, J., Keough, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 30, 2017

**FOR APPELLANT**

Robert Moore, III
Inmate No. 572-298
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio    44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Jennifer Meyer
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1} Plaintiff-appellant, Robert Moore, III ("Moore"), appeals from the trial court's judgment granting defendant-appellee, Deborah Naiman's ("Naiman") motion to dismiss Moore's complaint for declaratory judgment and injunctive relief. Moore raises the following five assignments of error for review:

1. The trial court erred in dismissing Appellant's declaratory judgment pursuant to Civil Rule 12(B)(6) without ruling on [the] existing controversy, and the trial court also had erred when it had failed to address the merits of the Appellant's Complaint.

2. The defendant Deborah Naiman forfeiture waiver [sic] through Appellant Moore's guilty plea was error because no plea-agreement was never [sic] signed nor executed by the defendant Naiman nor did the Appellant Moore signed [sic] any plea-agreement agreeing to the forfeiture of his money and property.

3. The trial court erred by dismissing Appellant's Complaint for declaratory judgment and injunction [sic] relief pursuant to Civ.R. 12(B)(6) when it ignored the plain allegations and requests found in the complaint, and where a real controversy arose between the parties concerning Appellant[sic] unsigned and unwritten plea-agreement the defendant entered on the record with Appellant Moore on behalf of the State of Ohio on August 14, 2009 and immunity cannot be granted where there is no lawsuit against the Defendant Deborah Naiman.

4. The trial court committed prejudicial error in granting the motion to dismiss and defendant's motion to dismiss under Civ.R. 12(B)(6) under the res judicata defense was error for res judicata cannot be used through a motion to dismiss under Civ.R. 12(B)(6).

5. Defendant [sic] plea-agreement entered on the record is invalid for there was no written agreement executed nor signed by the Appellant Moore for a plea-agreement is a contract and without a signed plea-agreement the Appellant is not bound by any terms of an orally made plea for controversy arose from it.

**{¶2}** Finding no merit to Moore's arguments, we affirm the judgment of the trial court.

## I. Procedural History and Factual Background

**{¶3}** On March 4, 2016, Moore filed his "Complaint for Declaratory Judgment and Injunction [sic] Relief" against Naiman, a former assistant prosecutor for Cuyahoga County. Moore's complaint centered around his theory that his plea agreement, which he entered into with respect to two former criminal indictments against him in 2009, was invalid because it was unwritten and unsigned, especially because it pertained to forfeited property and money.

**{¶4}** Specifically, Moore's complaint alleged, in pertinent part:

2. Defendant Deborah Naiman, is a former Assistance [sic] Prosecuting Attorney for Cuyahoga County, Ohio herein referred to as the Defendant, that Defendant's plea-agreement is and was unenforceable.

3. Plaintiff is seeking to have this Honorable Court declare that a plea-agreement is a contract in nature and must be treated under the contract law, and that a contract must be written and signed by both parties, even when property forfeiture is part of a plea-agreement, without either the agreement is unenforceable.

10. The Defendant caused controversy to exist, when Plaintiff never signed a written plea-agreement, and that a [sic] unsigned and unwritten plea-agreement was unenforceable for a written plea-agreement does not exist, nor did Plaintiff sign any written agreement contract [sic].

12. This Court must declare that a controversy do exsist [sic] between the Plaintiff and Defendant, for Plaintiff's plea-agreement was orally made, which failed short of a written agreement, which were neither written or signed by the Plaintiff, and the records are devoid

of any plea-agreement being signed by the Plaintiff and the Defendant.

{¶5} In 2009, Moore was charged in two multi-count indictments for drug-related offenses: Cuyahoga C.P. Nos. CR-09-521078-A ("Case No. 521078") and CR-09-525878-A ("Case No. 525878"). Moore proceeded to trial on Case No. 521078, and a jury returned a verdict of guilty on all counts. Following the verdict, but before sentencing, Moore agreed to a plea deal that encompassed both cases.

{¶6} At the plea hearing on August 14, 2009, Moore pleaded guilty to Count 1 in Case No. 525878, with the trial court dismissing Counts 2 and 3. In addition, Moore agreed to waive his appellate rights in Case No. 521078 and to waive his constitutional rights, including rights to any further discovery, forfeiture rights and appellate rights, in Case No. 525878. Moore also agreed to forfeit certain vehicles and money. Moore acknowledged and agreed to the terms of the plea on the record. The trial court sentenced Moore to a total of 13 years in prison on both cases.

{¶7} In September 2009, Moore appealed both cases. This court dismissed the appeals, sua sponte, because the trial court's judgment entries stated that Moore had waived his appellate rights, suppression rights, and rights to recover any property seized.

{¶8} In September 2010, Moore filed a "motion to vacate and void sentence," which solely challenged the trial court's waiver of mandatory fines. In this motion, Moore requested that his entire sentence be vacated. This court reversed the trial court's decision, but held that only the sentence as to the waiver of fines was void. *State v. Moore,* 8th Dist. Cuyahoga Nos. 96111 and 96112, 2011-Ohio-4246, ¶ 18. The Ohio

Supreme Court affirmed our decision, holding that the trial court's failure to include the mandatory fine when an affidavit of indigency was not filed prior to the entry of sentence renders that part of the sentence void. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus.

{¶9} In response to Moore's civil complaint, Naiman moved to dismiss and argued that Moore's complaint failed to state a claim upon which relief could be granted, was barred by res judicata and the statute of limitations, and that she was entitled to absolute prosecutorial immunity.

{¶10} On June 20, 2016, the trial court granted Naiman's motion to dismiss. It is from this judgment that Moore appeals.

## II.    Standard of Review

{¶11} When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Rogers v. Fuerst*, 8th Dist. Cuyahoga No. 100670, 2014-Ohio-2774, ¶ 5, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).

{¶12} It is well settled that when a party files a motion to dismiss, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Brown v. Carlton Harley-Davidson, Inc.,* 8th

Dist. Cuyahoga No. 99761, 2013-Ohio-4047, ¶ 12, citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995).

{¶13} But, "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *U.S. Bank Natl. Assn. v. Perry*, 8th Dist. Cuyahoga No. 99608, 2013-Ohio-3814, ¶ 7, citing *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). To prevail on a Civ.R. 12(B)(6) motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *Id.,* citing *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

### III. Moore's First, Third and Fourth Assignments of Error

{¶14} In his first, third and fourth assignments of error, Moore raises issues regarding the trial court's dismissal of Moore's complaint. Because these arguments are interrelated, we will consider them together.

{¶15} An action for a declaratory judgment may be dismissed pursuant to Civ.R. 12(B)(6) where (1) "there is no real controversy or justiciable issue between the parties," or (2) "the declaratory judgment will not terminate the uncertainty or controversy." *High St. Properties v. Cleveland*, 8th Dist. Cuyahoga No. 101585, 2015-Ohio-1451, ¶ 28, citing *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12 Dist. Warren No. CA2003-12-115, 2004-Ohio-4526. A "controversy" exists for purposes of a declaratory judgment action "when there is a genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment." *High St. Properties* at ¶ 29, citing *Brewer v. Middletown,* 12th Dist. Butler No. CA91-02-039, 1992 Ohio App. LEXIS 3983 (Aug. 3, 1992).

**{¶16}** Moore's appellant brief states:

Nevertheless, the appellant's declaratory complaint and injunction [sic] relief never sought from the defendant Naiman any money, nor has the appellant's complaint threatened the defendant by bringing forth a lawsuit requesting for [sic] money and damages.

Moore then submits that, "the defendant mistakes the appellant's complaint as being a civil lawsuit against defendant Naiman [.]" Moore further states, in his reply brief, that he "is not suing Defendant Naiman," and his third assignment of error emphasizes "there is no lawsuit against the Defendant Deborah Naiman."

**{¶17}** A thorough review of Moore's complaint reveals that Moore identifies Naiman solely because she was a former assistant prosecutor for Cuyahoga County, who "caused controversy to exsist[sic], when Plaintiff never signed a written plea-agreement[.]" Moore captioned his complaint as one for declaratory and injunctive relief and requested a declaration that his unsigned, unwritten plea agreement from 2009 was invalid. His complaint, however, is nothing more than another attempt to void his plea agreement and sentence. As Moore admits, the allegations are not directed against Naiman, yet Moore named Naiman as the sole defendant in his complaint.

**{¶18}** Moore's allegations against Naiman are unsupported and can only be seen as conclusory. There can be no doubt that there is "no real controversy" or "justiciable

issue" that Moore has against Naiman. *High St. Properties,* 8th Dist. Cuyahoga No. 101585, 2015-Ohio-1451, at ¶ 28.

{¶19} Presuming all factual allegations contained in the complaint are true, and making all reasonable inferences in favor of the nonmoving party, Moore can prove no set of facts to justify a court to grant any relief against Naiman. Thus, there is no viable cause of action against Naiman that can be discerned from Moore's complaint.[1] Therefore, the trial court properly granted Naiman's motion to dismiss.

{¶20} Moore's first, third, and fourth assignments of error are overruled.

## IV. Moore's Second and Fifth Assignments of Error

{¶21} Moore's second and fifth assignments of error are unrelated to the trial court's decision that granted Naiman's motion to dismiss, which is the only issue on appeal. Rather, these assignments of error seek review of Moore's plea agreement, including the forfeiture of property in Case Nos. 521078 and 525878. It is well established that this court need not address an assignment of error pertaining to issues outside the scope of an appeal. *State v. Briscoe*, 8th Dist. Cuyahoga No. 98414, 2012-Ohio-4943, ¶ 9, citing *State v. Pollard*, 8th Dist. Cuyahoga No. 97468, 2012-Ohio-2311. This court does not allow such impermissible bootstrapping. *Id.*

{¶22} Thus, Moore's second and fifth assignments of error are overruled.

{¶23} Judgment affirmed.

---

[1]Since there is no viable cause of action asserted by Moore, we need not discuss Naiman's res judicata, statute of limitations, and prosecutorial immunity arguments.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR