JOURNAL ENTRY and OPINION
{¶ 1} Appellant Donald Richard, Sr., pro se, appeals the trial court's dismissal of his complaint. He assigns the following errors for our review:
 {¶ 2} "I. The trial court committed prejudicial error when it dismissed the action against appellant when he stated a claim per the facts set forth in the complaint."
 {¶ 3} "II. The trial court committed prejudicial error when failing to acknowledge appellant's alternative request for leave to amend complaint, Civ.R. 15(A), set forth in appellant's opposition to appellees' motion to dismiss."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 5} On October 17, 2003, Donald Richard, Sr. filed a complaint in Lorain County Court of Common Pleas against WJW-TV8, Jeff Harwood, and Carl Monday. Thereafter, Richard filed a motion to transfer the venue to the Cuyahoga County Court of Common Pleas, which the trial court granted.
 {¶ 6} Richard's complaint alleges he has been wrongfully convicted and incarcerated since February 1987, as a result of manufactured evidence, perjured testimony, and a rigged jury. Richard blames the Cuyahoga County Prosecutors, the judges of Cuyahoga County's common pleas court, appellate court, and the Ohio Supreme Court, the coroner, the court reporters, and the Cleveland Police Department. The lawsuit is based upon Jeff Harwood's alleged failure to adequately investigate Richard's claims of wrongdoing, and WJW-TV8's failure to air a broadcast that would help exonerate him.
 {¶ 7} In his complaint, Richard alleged in September 1999, he contacted Harwood, a former reporter for WJW-TV8, and provided him with facts and documentation to support his allegations of criminal and conspiratorial conduct perpetrated by judicial officials and others. Thereafter, Harwood conducted a six-month investigation under the authority and supervision of Carl Monday, another former reporter of WJW-TV8. According to Richard, from September through December 1999, he continued to provide Harwood with additional information to prove the public corruption and organized judicial crimes. Richard claims Harwood falsely promised Richard's family that he would have Richard home before Christmas 1999.
 {¶ 8} Richard further alleged in February 2000, Harwood brought his camera crew to Grafton Correctional Institution to film Richard's unlawful situation on a segment of the I-Team News Broadcast. According to Richard, Harwood was denied entry, because the public relations personnel was not available to approve the visit. Thereafter, Richard claims Harwood started making excuses that the stories were unfounded, thus furthering the concealment of the aforementioned allegations.
 {¶ 9} Finally, Richard alleged Harwood failed to investigate and expose massive wrongdoing by members of the judiciary and others. Richard claims Harwood's alleged failure to report these acts caused him monetary damages as well as additional years of false imprisonment and incarceration.
 {¶ 10} On December 23, 2003, WJW-TV8 filed a motion to dismiss Richard's complaint. Richard filed a motion in opposition and an alternate motion for leave to amend his complaint. The trial court denied Richard's motion for leave to amend his complaint and granted WJW-TV8's motion to dismiss. Richard now appeals.
 {¶ 11} In his first assigned error, Richard contends the trial court erred in dismissing his complaint. We disagree.
 {¶ 12} A motion to dismiss for failure to state a claim upon which relief may be granted is procedural and tests the sufficiency of the complaint.[1] In order for a court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.[2] The trial court is bound to construe all of the factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party.[3]
This means the court may not dismiss a complaint because of its doubts as to whether or not the plaintiff may win on the merits.[4] However, while the factual allegations of the complaint are taken as true, the same cannot be found for unsupported conclusions. Unsupported conclusions of a complaint are not considered admitted, and are not sufficient to withstand a motion to dismiss.[5]
 {¶ 13} A review of Richard's twenty-nine count complaint reveals a vain attempt to state a claim for fraud. Paragraph 26 of Richard's complaint states:
"During the month of March, 2000, Harwood intentionally and willfully made to Plaintiff: (1) false representation; (2) with knowledge that his false representation is; (3) with intent/malice through false representation to induce Plaintiff to rely on his false representations; (4) causing Plaintiff to rely upon his false representations to Plaintiff's complete defiance;
(5) causing Plaintiff further and ongoing [Court of Appeals Case No. CA82247] injuries as a result * * * in Plaintiff's rightful reliance * * * solely for the purpose of reneging on civic and professional duties owed Plaintiff by Defendants to expose massive criminal and conspiratorial conduct perpetrated by judicial officials and others; and by failing to report `all' criminal (felony) acts committed and concealed by these judicial thugs to the appropriate law enforcement authorities as required by law."[6]
 {¶ 14} The elements of an action in actual fraud are:
a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.[7]
 {¶ 15} Although the civil rules provide for simple and concise pleadings generally, Civ.R. 9 heightens the pleading requirements when special matters such as fraud are alleged. Specifically, Civ.R. 9(B) states:
"(B) Fraud, mistake, condition of the mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
 {¶ 16} The requirement that allegations of fraud be pleaded with particularity stems from, among other sources, a concern that potential defendants be shielded from lightly made public claims or accusations charging the commission of acts or neglect of duty which may be said to involve moral turpitude. The need for this protection is most acute where the potential defendants are professionals whose reputations in their field of expertise are most sensitive to slander.[8]
 {¶ 17} Several other reasons for requiring fraud to be pled with particularity are: (1) to ensure that allegations of fraud are concrete and particularized enough to give notice to defendants of what conduct is complained of, and (2) to inhibit the filing of complaints as a pretext for discovery of unknown wrongs.[9]
 {¶ 18} Based upon the above cited law, we conclude that Richard's complaint was properly dismissed because Paragraph 26, regarding fraud, is totally lacking in underlying factual allegations. The paragraph is conclusory, at best. The complaint elsewhere alleged Harwood told a Richard's family member he would have Richard "home for Christmas." However, Richard could not have justifiably relied on that alleged statement. Harwood, a member of the press, had no power to alter Richard's prison term. There are simply no particular factual allegations in Richard's complaint that satisfy Civ.R. 9(B).
 {¶ 19} Furthermore, Richard cannot claim Harwood falsely represented that he would investigate the allegations of judicial and law enforcement corruption, because the complaint alleged at Paragraph 6 that Harwood conducted a six month investigation. Therefore, from the face of Richard's complaint, it is clear that Harwood fulfilled any representation he may have made to investigate the allegations that Richard was wrongfully convicted and incarcerated. The trial court properly dismissed the complaint. Accordingly, we overrule Richard's first assigned error.
 {¶ 20} In the second assigned error, Richard contends the trial court erred when it denied him leave to amend his complaint. We disagree.
 {¶ 21} The decision whether to allow a party leave to amend a complaint lies exclusively within the discretion of the trial court and the ruling will not be disturbed on appeal by a reviewing court absent an affirmative showing of an abuse of discretion.[10]
 {¶ 22} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[11]
 {¶ 23} Because seeking leave to amend a pleading is required to be made in good faith, it has been held that there must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic or one which would cause prejudice to the defendant.[12] Where the movant fails to present operative facts in support of the new allegations, a court does not abuse its discretion in denying a motion to amend.[13]
 {¶ 24} A review of Richard's brief in opposition to appellees' motion to dismiss alternatively seeking leave to amend his complaint reveals that he gave no grounds for why leave should be granted. Additionally, Richard did not explain what new matters he wished to include in an amended pleading. Further, Richard did not explain how an amendment would cure the deficiencies in his initial complaint. We conclude Richard failed to make a prima facie showing that he could marshal support for new matters he intended to plead. The trial court therefore did not abuse its discretion in denying Richard's leave to amend his complaint. Accordingly, Richard's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Gallagher, J., concur.
[1] State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545.
[2] O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, syllabus.
[3] Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, citing Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
[4] Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179, paragraph four of the syllabus.
[5] State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324.
[6] Richard's Complaint, Count 26.
[7] Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 23, paragraph two of the syllabus; Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 16710.
[8] Haddon View Investment Co. v. Coopers Lybrand (1982),70 Ohio St.2d 154, 158.
[9] Goldman v. Belden (1983), 98 F.R.D. 733.
[10] Natl. Bank of Fulton Cty. v. Haupricht Bros. (1988),55 Ohio App.3d 249, 251; Mead Corp. v. Lane (1988),54 Ohio App.3d 59, 67.
[11] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257 (Citations omitted).
[12] Wilmington Steel Products, Inc. v. Cleveland Electric IlluminatingCo. (1991), 60 Ohio St.3d 120. Solowitch v. Bennett (1982),8 Ohio App.3d 115, 117.
[13] Id.