[Cite as *Glazer v. Chase Home Fin., L.L.C.*, 2013-Ohio-5589.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99875 and 99736**

## LAWRENCE R. GLAZER, INDIVIDUALLY, ETC.

PLAINTIFF-APPELLANT

vs.

## CHASE HOME FINANCE L.L.C., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-725557

**BEFORE:** Jones, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEYS FOR APPELLANT**

Lawrence R. Glazer
Nicolette Glazer
Law Office of Larry R. Glazer
1875 Century Park East, #700
Century City, CA 90067


**ATTORNEYS FOR APPELLEES**

**For Chase Home Finance L.L.C.**

Nelson M. Reid
Anne Marie Sferra
Bricker & Eckler L.L.P.
100 South Third Street
Columbus, Ohio 43215

Bryan Kostura
Bricker & Eckler L.L.P.
1001 Lakeside Avenue, Suite 1350
Cleveland, Ohio 44114

Danielle J. Szukala
Burke, Warren, Mackay & Serritella
330 North Wabash Avenue, 22nd Floor
Chicago, Il 60611

**For First American Default Information Services**

Matthew C. Corcoran
Matthew A. Kairis
Jones Day
325 John H. McConnell Blvd.
Suite 600
Columbus, Ohio 43215

Robert P. Ducatman
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

**For Reimer, Arnovitz, Chernek, Jeffrey, et al.**

Timothy T. Brick
Lori E. Brown
Holly Olarczuk-Smith
Gallagher Sharp
Sixth Floor, Bulkley Bldg.
1501 Euclid Avenue
Cleveland, Ohio 44115

LARRY A. JONES, SR., J.:

{¶1} This case involves allegations premised on multiple defendants' debt collection activities related to the filing of a foreclosure lawsuit and allegations that the defendants submitted fraudulent documents in connection with the lawsuit. The trial court granted each defendant's motion to dismiss and the plaintiff-appellant Lawrence Glazer appeals. We affirm.

I. Procedural History

{¶2} In April 2010, Lawrence Glazer, a California resident and attorney, filed a putative class action complaint against the following parties: Chase Home Finance, L.L.C. ("Chase"); law firm Reimer, Arnovitz, Chernek & Jeffrey, Co. and attorneys Ronald Chernek and Darryl Gormley (collectively "the Reimer Firm"); Safeguard Properties, Inc. ("Safeguard Properties"); First American Default Outsourcing, L.L.C.; Cindy Smith; and John Does 1-4.

{¶3} Glazer's individual complaint revolved around a piece of real property located at 2498 Bristol Road in Upper Arlington, Ohio. In his complaint, Glazer alleged the following causes of action: (1) violations of the Ohio Consumer Sales Practices Act ("OCSPA"), against all defendants; (2) violations of R.C. 1319.12, against Chase; (3) conspiracy, against all defendants; (4) intentional misrepresentation of material facts, against all defendants; (5) negligent misrepresentation of material facts, against all defendants; (6) concealment of material facts, against all defendants; and (7) trespass, against Safeguard Properties. The complaint further listed "Class Action Allegations,"

proposing two different classes: a "Corporate Advances Class" and a "Breaking and Entering Class."

**{¶4}** On August 30, 2010, Glazer filed his first amended complaint. The only change was in one party name: First American Default Information Services, L.L.C. ("First American") was substituted for First American Default Outsourcing, L.L.C.

**{¶5}** In October 2010, the defendants filed individual motions to dismiss. In First American's motion to dismiss, it argued that Glazer did not have standing to bring a lawsuit against the company, any claims against it were barred by privilege, and Glazer was not a "consumer," nor was First American a "supplier" under the OCSPA.

**{¶6}** The Reimer Firm argued in its motion to dismiss that (1) Glazer could not establish he was entitled to protection under the OCSPA; (2) the Reimer Firm was immune from liability on the misrepresentation and concealment claims, and (3) Glazer failed to set forth sufficient facts to support his claims. The Reimer Firm attached various exhibits to its motion, and Glazer responded by filing a motion to strike the exhibits or alternatively for time to conduct additional discovery. The trial court denied Glazer's motion.

**{¶7}** Chase filed a motion to dismiss or alternatively for a more definite statement, arguing that (1) Glazer was not a "consumer" under the OCSPA; (2) Glazer could not bring a class action under the OCSPA; (3) R.C. 1319.12 does not create a private cause of action; and (4) there was no further evidence to support his other claims against Chase.

**{¶8}** On October 29, 2010, Glazer filed a notice of voluntary dismissal of all claims against Safeguard Properties.

{¶9} Glazer responded to the defendants' motions to dismiss with an omnibus memorandum in opposition, arguing that he had pleaded sufficient facts to withstand the motions to dismiss. On the last page of his brief in opposition, Glazer motioned for leave to amend his complaint a second time. This motion was not filed under separate cover nor did Glazer attach a proposed second amended complaint to his motion.

{¶10} The defendants individually filed reply briefs to support their motions to dismiss. In an order dated January 12, 2011, the trial court granted each defendant's motion to dismiss. In its order, the trial court agreed with the defendants that (1) Glazer was not a "consumer," nor were the defendants "suppliers" under the OCSPA; (2) R.C. 1319.12 did not create a private cause of action; (3) Glazer could not show "the requisite justifiable reliance" on the alleged misrepresentation or concealment by the defendants; and (4) Glazer had not alleged facts that supported his claim that the defendants were involved in a conspiracy. In a separate order dated the same day, the trial court denied Glazer's request to amend his complaint a second time.

{¶11} Glazer filed a timely notice of appeal, but this court sua sponte dismissed the appeal for lack of a final appealable order. *Glazer v. Chase Home Finance,* 8th Dist. Cuyahoga No. 96353, Motion No. 447166. This court found that claims were still pending against Cindy Smith and the four John Doe defendants, and the trial court had not entered a Civ.R. 54(B) order certifying that there was no just reason for delay. *Id.* This court further stated: "Parties may move to reinstate this appeal within thirty days if the trial court issues a final order." *Id.* Glazer did not file a motion with the trial court

requesting a final order.

{¶12} Nothing occurred in the case until February 19, 2013, when Chase's successor by merger, J.P. Morgan Chase Bank ("J.P. Morgan Chase") filed a motion for certification under Civ.R. 54(B) in the trial court.

{¶13} In response, the trial court issued an order dated March 6, 2013, which stated: "Plaintiff is ordered to file a notice of intent to proceed with this matter by 3/20/13. Failure to do so will result in a dismissal of all remaining claims for failure to prosecute." The trial court issued a second order, granting J.P. Morgan Chase's motion, and certified that "there is no just cause for delay," as to its previous order granting Chase's motion to dismiss.

{¶14} The next day, on March 7, Glazer filed a response to J.P. Morgan Chase's motion. On March 19, 2013, Glazer filed a motion titled "Plaintiff's Response to Court Order Issued on 6 March 2013," in which he asked the trial court (1) to determine whether it had continuing jurisdiction due to the parties' litigation in federal court, (2) to reconsider its January 12, 2011 decision granting defendants' motions to dismiss, and (3) renewing his motion for leave to file a second amended complaint.

{¶15} On March 28, 2013, Glazer filed a motion titled "Plaintiff's Civ.R. 60(B)(4) motion for relief from judgment entered for Chase Home Finance L.L.C."

{¶16} On April 4, 2013, Glazer filed his notice of appeal with this court in regard to the trial court's Civ.R. 54(B) certification of a final order as to defendant J.P. Morgan Chase.

**{¶17}** On April 4 and April 8, 2013, First American and the Reimer Firm respectively filed motions for Civ.R. 54(B) certification, which the trial court granted, entering final orders on May 8, 2013. The trial court further denied Glazer's Civ.R. 60(B) motion as to Chase and dismissed the claims against Cindy Smith and John Does 1-4 for failure to prosecute.

**{¶18}** Glazer filed another notice of appeal and we have consolidated the two appeals for review and decision. Glazer is appealing as an individual and does not raise any issues with regard to the putative class; therefore, we only consider those issues that deal with Glazer's individual claims.

## II.   Facts

**{¶19}** In 2003, Charles Klie purchased residential property located at 2498 Bristol Road in Upper Arlington, Ohio. Coldwell Banker Mortgage Corporation was the mortgagor. Coldwell sold the promissory note and assigned the mortgage to the Federal National Mortgage Corporation ("Fannie Mae") in September 2003, but remained the servicer of the mortgage until October 2007, when it assigned its servicing rights to JP Morgan Chase. In November 2007, Chase began servicing the mortgage pursuant to an agreement with JP Morgan Chase. Thus, as of November 2007, Chase was the mortgage servicer.

**{¶20}** Charles Klie died in January 2008. In his will, Klie devised the Bristol Road property to Susan Maney O'Leary, but she disclaimed the devise in May 2008. The disclaimer caused the property to become part of Charles Klie's residuary estate, the

beneficiaries of which were Glazer and Susan Klie. Susan Klie and Glazer entered into an agreement, whereby Susan gave up her interest in the Bristol Road property in exchange for other assets of the estate. The probate court approved the transfer of the Bristol Road property to Glazer on July 25, 2008. Thus, Glazer became the owner of the Bristol Road property on or about July 25, 2008.

{¶21} The note on the property had already fallen into default at the time Glazer became the owner. Chase hired the Reimer Firm to foreclose on the Bristol Road property. On June 2, 2008, the Reimer Firm prepared an assignment of the note and mortgage on behalf of JP Morgan Chase that purported to "sell, convey and transfer all rights and interests in the Klie promissory note and the mortgage * * * to Chase" in order to establish Chase's right to foreclose. According to Glazer, the assignment transferred absolutely no rights because Fannie Mae still owned the note and mortgage by virtue of Coldwell Banker's assignment shortly after origination. Chase referred the matter to its third-party contractor, First American, to assist in foreclosing on the property.

{¶22} The same month, the Reimer Firm filed a foreclosure action against Charles Klie in the Franklin County Court of Common Pleas alleging that Chase held and owned the Klie promissory note and that the original note had been lost or destroyed. In support of that allegation, Cindy Smith, who worked for First American, signed a "lost note affidavit"; the affidavit was filed in the foreclosure action. But according to Glazer, Chase and the Reimer Firm fraudulently concealed the fact that Fannie Mae owned the loan, and the original note was not lost or destroyed and was being held by a custodian for

Fannie Mae's benefit.

{¶23} The foreclosure complaint named Glazer as someone possibly having an interest in the property, and the Reimer Firm served Glazer with process. Glazer answered and asserted defenses. He also notified the Reimer Firm that he disputed the debt and requested verification.

{¶24} Therefore, at the time Glazer became the owner of the property in July 2008, the foreclosure proceedings were already pending in court. The parties dispute whether there was ever a monetary judgment personally sought against Glazer.

{¶25} The Reimer firm eventually moved for summary judgment, representing once again that Chase owned the Klie note. The court granted the motion and entered a decree of foreclosure, but later vacated that ruling and demanded that the Reimer firm produce the original note for inspection. Despite the vacatur of the foreclosure decree, the Reimer Firm scheduled a sheriff's sale. The Reimer Firm later cancelled the sheriff's sale. In November 2009, Chase dismissed the foreclosure proceedings without prejudice.

{¶26} In the complaint filed in this case, Glazer alleged it was actions that occurred between May 2008 (before he owned the property) and November 2009 that formed the basis of his lawsuit. Specifically, Glazer alleged that Chase did not own the note and did not lose the note. He alleged that Fannie Mae was the true owner and holder of the note and the defendants intentionally concealed material facts in an effort to obtain a quick decree of foreclosure, cloud title through bogus recordations, and reap financial benefits by charging him unauthorized fees.

## III.  Federal Litigation

**{¶27}** In 2009, during the foreclosure proceedings, Glazer filed suit in federal court against Chase, the Reimer Firm, and Safeguard Properties, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Ohio law.  *See Glazer v. Chase Home Fin. L.L.C.*, N.D.Ohio No. 1:09-CV-01262, 2009 U.S. Dist. LEXIS 126369 (Jan. 21, 2009). Specifically, Glazer alleged:

> (1) harassment or abuse in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, against all Defendants; (2) false or misleading misrepresentations in violation of the FDCPA, 15 U.S.C. § 1692e, by Defendants; (3) unfair practices in violation of the FDCPA, 15 U.S.C. § 1692f, against all Defendants; (4) failure to validate the alleged debts owed in violation of the FDCPA, 15 U.S.C. § 1692g, against all Defendants; (5) a violation of the Ohio Fair Debt Collection Practices Act against Defendant Chase; (6) conspiracy against all Defendants; (7) intentional misrepresentation of material facts against all Defendants; (8) negligent misrepresentation of material facts against all Defendants; (9) concealment of material facts against all Defendants; and (10) trespassing against Defendant Safeguard Properties, Inc. * * * .

*Id.* at *3.  The defendants moved to dismiss.  The magistrate judge recommended dismissing all federal claims and declining discretionary jurisdiction over the state law claims.  Glazer filed objections and sought leave to amend the complaint to add new allegations. The district judge adopted the magistrate judge's recommendation, denied leave to amend, and granted the motions to dismiss.  *Glazer v. Chase Home Fin. L.L.C.*, N.D.Ohio No. 1:09-CV-01262, 2010 U.S. Dist. LEXIS 31457 (Mar. 31, 2010) ("*Glazer I*").

**{¶28}** Glazer appealed, and the Sixth Circuit Court of Appeals reversed in part, finding that mortgage foreclosure is debt collection under the FDCPA.  *Glazer v. Chase*

*Home Fin. L.L.C.*, 704 F.3d 453, 464 (6th Cir.2013) ("*Glazer II*"). As it pertains to this case, the *Glazer II* court held that a lawyer meets the general definition of a "debt collector" if his or her principal business purpose is mortgage foreclosure or if he or she "regularly performs this function." *Id.* As such, "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure." *Id.* Therefore, the *Glazer II* court held that the district court erred in finding that the Reimer Firm was not engaged in debt collection and could not be found liable under the FDCPA. *Id.* at 465.

**{¶29}** But the *Glazer II* court affirmed the district court's decision to dismiss Glazer's FDCPA claims against Chase, finding that Chase was not a "debt collector" because it had started servicing the Klie mortgage before it was in default. *Id.* at 458. The court further held that the district court did not abuse its discretion when it denied Glazer leave to amend his complaint because he had waited too long to seek leave to amend. *Id.* at 459. Finally, the federal appellate court reinstated Glazer's state law claims, including those against Chase, finding that it was appropriate to do so because some of the federal claims had been revived. *Id.*

**{¶30}** The district court subsequently ordered the parties to submit briefs on whether it had subject matter jurisdiction over the state law claims. Upon review, the court found that it did have jurisdiction over the state law claims but that since the claims had been litigated in state court, had gone to final judgment, and had been appealed (the instant appeal), the court would not hear state law claims that had been or could have been

litigated in the state court proceedings.[1]

## IV.   Glazer's Assignments of Error

**{¶31}** In the instant appeal, Glazer raises the following nine assignments of error

for our review:

> [I.] The trial court erred by considering matters outside of the complaint and
> converting defendants' motion to dismiss under Civ.R. 12(B)(6) into a
> motion for summary judgment.
>
> [II.] The trial court erred in dismissing appellant's OCSPA claims on res
> judicata grounds.
>
> [III.] The trial court erred in finding that appellant has no standing to assert a
> cause of action under the OCSPA.
>
> [IV.] The trial court erred in finding that appellant has no standing to assert a
> Section 1319.12 cause of action.
>
> [V.]   The trial court erred in finding that appellant has not shown justifiable
> reliance in support of his fraud claims.
>
> [VI.]   The trial court erred in finding that appellant failed to plead sufficient
> facts in support of his claim for civil conspiracy.
>
> [VII.]   The trial court erred in denying appellant's motions for leave to
> amend and cure any perceived pleading deficiencies.
>
> [VIII.]   The trial court erred in granting appellees' Rule 54(B) motions.
>
> [IX.] The trial court erred in denying appellant's Rule 60(B)(4) motion.

## V.   Motion to Dismiss — Standard of Review

**{¶32}** A Civ.R. 12(B)(6) motion to dismiss    for failure to state a claim upon which

---

[1] A stipulated dismissal was entered into dismissing, with prejudice, all federal court claims against Safeguard Properties in February 2013.

relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). However, while the factual allegations of the complaint must be taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

{¶33} The claims set forth in the complaint must be plausible, rather than just conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), paragraph two of the syllabus. While a complaint attacked by a Civ.R. 12(B)(6) motion to dismiss does not need to allege detailed factual allegations, a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient.

*Id.* at paragraph 1(b) of the syllabus.

**{¶34}** We apply a de novo standard of review to the trial court's decision on a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

A. Motion to Dismiss

**{¶35}** In the first and second assignments of error, Glazer challenges the trial court's method of arriving at its decision. In his first assigned error, Glazer argues that the court either improperly converted the defendants' motions to dismiss into motions for summary judgment, specifically the Reimer Firm's motion, and then did not allow him time to respond or inappropriately considered matters outside the complaint in granting the motions to dismiss.

**{¶36}** The Reimer Firm contends that the trial court may consider outside material that is pertinent to the jurisdictional issue without converting the motion into one for summary judgment and that the documents attached to its motions were incorporated into the complaint by appellant and as a result, are not "outside the pleadings."

**{¶37}** The Reimer Firm attached the following exhibits to its motion to dismiss: (1) docket printouts from related state and federal litigation, (2) the magistrate's report and recommendation and court's opinion and order with regard to litigation between the parties in federal court, and (3) documents pertaining to the foreclosure litigation, including the assignment of mortgage, the certificate of transfer, and the foreclosure complaint.

**{¶38}** Civ.R. 12(B)(6) provides that if the motion to dismiss presents matters outside the pleadings and such matters are not excluded by the court, the court must treat the motion as a motion for summary judgment as provided in Rule 56 but "[d]ocuments attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 427, 2005-Ohio-1669, 827 N.E.2d 797 (8th Dist.), citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997). The trial court may review documents that were incorporated into the complaint, even if not attached to the complaint. *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, fn. 6, citing *Fillmore v. Brush Wellman, Inc.*, 6th Dist. Ottawa No. OT-03-029, 2004-Ohio-3448. The court may also consider material pertinent to jurisdictional issues without converting the motion into one for summary judgment. *Shockey v. Fouty*, 106 Ohio App.3d 420, 423, 666 N.E.2d 304 (4th Dist.1995).

**{¶39}** In the case at bar, we see no evidence that the trial court converted the defendants' motions to dismiss into motions for summary judgment; in fact, in its order

granting the motions, the trial court expressly stated it was granting each defendant's motion to dismiss. Therefore, we will consider whether the trial court inappropriately considered documents outside the complaint in rendering its decision and, if so, if such error was harmless given our de novo review of the case.

{¶40} First, Glazer expressly asked, in his complaint, for the trial court to "take judicial notice of the court docket and pleadings" in the Franklin County foreclosure action, and incorporated into his complaint the assignment, the servicing rights transfer document, the foreclosure complaint, and numerous other documents. Thus, he cannot now complain of that which he himself requested the court to take notice of and incorporated into his complaint. Moreover, there is no evidence that the trial court considered the materials from the underlying foreclosure action in rendering its decision.

{¶41} In so far as the federal litigation is concerned, the trial court certainly could consider concurrent litigation that may have an effect on its ability to determine Glazer's claims. *See State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16, 661 N.E.2d 170 (1996), citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991) (finding that courts may "take judicial notice of appropriate matters in considering a motion to dismiss for failure to state a claim under the similarly worded Fed.R.Civ.P. 12(b)(6) without having to convert it to a motion for summary judgment") and *First Michigan Bank & Trust Co. v. P. & S. Bldg.*, 4th Dist. Meigs No. 413, 1989 Ohio App. LEXIS 527, *6 (Feb. 16, 1989) ("Conceivably a court may take judicial notice of adjudicative facts under Evid.R. 201 in determining a Civ.R. 12[B][6] motion * * * .").

**{¶42}** We further note that the trial court's initial decision granting the motions to dismiss happened prior to the federal appellate court decision in *Glazer II*. Notwithstanding that fact, Glazer urged the trial court, and now urges this court, to consider *Glazer II*, although he argues that any consideration of *Glazer I* by the trial court was in error. Nevertheless, even if the trial court erred in considering *Glazer I*, we find any error to be harmless based on our de novo review as will be discussed below.

**{¶43}** In the second assignment of error, Glazer contends that the trial court erroneously found that res judicata barred his claims. According to Glazer, the trial court dismissed his OCSPA claims based on res judicata grounds, i.e., the federal district court ruling dismissing his federal FDCPA claims in *Glazer I*. But there is no evidence that the trial court granted the motions to dismiss based on res judicata. And even if the court did so, we find any error harmless based on our de novo review of its decision.

**{¶44}** Accordingly, the first and second assignments of error are overruled.

## VI. OCSPA Cause of Action

**{¶45}** In the third assignment of error, Glazer argues that the trial court erred in finding that he had no standing to bring his OCSPA claim.

**{¶46}** R.C. 1345.02(A) prohibits unfair or deceptive consumer sales practices and provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

**{¶47}** According to Glazer, the defendants violated the OCSPA by providing him

with false and misleading representations in regard to the "character, amount, legal status, and ownership of the debt" and used unfair or deceptive practices to collect or attempt to collect a debt that was not owed to them. First Amended Complaint, ¶ 109, 118. Specifically, Glazer alleged that the defendants violated R.C. 1345.02(B)(1), (9), and (10). These subsections state that the following act or practice of a supplier in representing any of the following is deceptive:

> (1) That subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;
>
> * * *
>
> (9) That the supplier has a sponsorship, approval, or affiliation that the supplier does not have;
>
> (10) That a consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false.

*Id.* Glazer further alleged that the defendants violated R.C. 1345.02(F)(2), which prohibits material misrepresentations by a "supplier" in a residential mortgage consumer transaction.

**{¶48}** In their individual motions to dismiss, the defendants argued that Glazer cannot bring a cause of action under the OCSPA because he is not a "consumer," the Bristol Road mortgage was not a "consumer transaction," and the defendants were not "suppliers" under the law.

**{¶49}** The trial court agreed with the appellees' argument, holding the following:

The plaintiff did not obtain a loan or sign a mortgage relating to the subject property through a probate court transfer and did not enter into any contract with any lender. The foreclosure action upon which plaintiff's claims are alleged to have occurred do not constitute a consumer transaction under the OCSPA. Furthermore, the defendants in this action are not suppliers as they do not meet the definition * * *. The court concludes that the plaintiff lacks standing to pursue his OCSPA claim as he has not met the requirements of the statute and the claim is dismissed.

**{¶50}** Thus, in order to decide whether defendants-appellees' alleged actions fall under the OCSPA, we must determine the following: (1) Was Glazer involved in a "consumer transaction?"; (2) Were the appellees "suppliers?"; (3) Was Glazer a "consumer?" If the answer to any of these is no, Glazer's claim fails.

## A. The FDCPA and the OCSPA

**{¶51}** Glazer urges this court to find that defendants-appellees violated the OCSPA because the *Glazer II* court found that the Reimer Firm and Chase, if it serviced the loan only after default, qualify as debt collectors subject to the FDCPA.

**{¶52}** The FDCPA prohibits abusive, false, and misleading debt collection practices by debt collectors. 15 U.S.C. §§ 1692d, 1692e. The OCSPA prohibits a supplier from committing "an unfair or deceptive act or practice in connection with a consumer transaction." R.C. 1345.02(A).

**{¶53}** While the OCSPA's definition of "supplier" is "substantially broader" than

the FDCPA's definition of "debt collector," "the requirements of the statutes are similar in that to prove that an attorney was 'engaged in the business of effecting or soliciting consumer transactions' under the OCSPA, a plaintiff must show 'more than one isolated occurrence, especially when the occurrence is not within the usual course of business.'" *Schroyer v. Frankel*, 197 F.3d 1170, 1177 (6th Cir.1999), citing *Renner v. Derin Acquisition Corp.*, 111 Ohio App.3d 326, 676 N.E.2d 151 (8th Dist.1996).

{¶54} While the statutes bear some similarities, a violation of the FDCPA does not automatically mean a violation of the OCSPA. In this case, as is shown below, even if the Reimer Firm is liable in federal court under the FDCPA, it is not liable in state court under the OCSPA because it was not involved in a consumer transaction with Glazer.

## B. Consumer Transaction

{¶55} R.C. 1345.01(A) defines a "consumer transaction" as follows:

"Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; * * *.

{¶56} In his first amended complaint, Glazer alleged that defendants-appellees misrepresented the ownership of the note and mortgage and the amount due, that the note had been lost, that Chase had the right to collect on the note and enforce a lien; defendants-appellees demanded money that was not due, not permitted by law or contract,

or on expenses not actually incurred; took unlawful possession of the property; wrongfully posted notices on the Bristol property; and/or took other illegal actions in order to attempt to collect on a debt.

**{¶57}** Defendants-appellees argue that the Klie mortgage and the subsequent foreclosure on that mortgage do not qualify as consumer transactions because: (1) the OCSPA has no application in a pure real estate transaction; (2) prior to 2007 the Act did not cover residential mortgages and the mortgage in this case was from 2003; (3) and the Ohio Supreme Court held in *Anderson v. Barclay's Capital Real Estate, Inc.*, 136 Ohio St.3d 31, 2013-Ohio-1933, 989 N.E.2d 997, that servicers of residential mortgage loans are not covered by the OCSPA.

**{¶58}** We agree with defendants-appellees in part. In *Anderson*, the Ohio Supreme Court noted that the OCSPA has no application in a "pure" real estate transaction and real estate transactions are expressly excluded from the statute's definition of "consumer transaction." (Citations omitted.) *Anderson* at ¶ 10. And the court held that mortgage servicers are not liable under the OCSPA for actions while servicing residential mortgage loans because they do not qualify as "suppliers." *Id.* at paragraph two of the syllabus.

**{¶59}** Defendants-appellees are also correct that the OCSPA was amended in 2007 so that "consumer transactions" include "transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers." R.C. 1345.01(A). But, Glazer is not alleging that violations of the

OCSPA occurred when Klie purchased the property in 2003 or occurred solely with the filing of the foreclosure. His allegations also concern actions taken after the foreclosure case was filed.

{¶60} In *Anderson*, the plaintiff argued that mortgage servicing is a "consumer transaction" because a mortgage servicer provides a number of services to borrowers, including accepting payments and working with borrowers to obtain loan modifications. The Ohio Supreme Court disagreed, finding that "mortgage servicing * * * is a 'collateral service' associated with a pure real estate transaction. Except for the transactions specified in the statute, the OCSPA does not apply to "collateral services that are solely associated with the sale of real estate and are necessary to effectuate a 'pure' real estate transaction." *Id.* at ¶ 14, citing *U.S. Bank v. Amir*, 8th Dist. Cuyahoga No. 97438, 2012-Ohio-2772, ¶ 42-43.

{¶61} Glazer attempts to distinguish *Anderson* by arguing that the court only focused on primary mortgages, not on mortgages that had gone into default or foreclosure. But the *Anderson* court expressly held that the OCSPA does not cover transactions that "include the acceptance and application of mortgage payments and *management of loans in default*." (Emphasis added.) *Id.* at ¶ 18. As the court noted, "[t]hose transactions do not cease to be part of the land transaction simply because an entity that did not originate the loan and mortgage executes them." *Id.*

{¶62} Therefore, Chase as the mortgage servicer was not involved in a consumer transaction with Glazer and his OCSPA cause of action fails as to Chase.

**{¶63}** The Reimer firm contends that because it served solely as Chase's agent, Glazer's OCSPA claim against it must fail as well. We agree. *See Clark v. Lender Processing Servs.*, N.D. Ohio No. 1:12-CV-2187, 2013 U.S. Dist. LEXIS 80442, *30-*32 (June 6, 2013) ("[N]othing about the definition of 'supplier' under the OCSPA supports the conclusion that those who provide services to financial institutions in connection with foreclosure of delinquent mortgages are 'suppliers' for purposes of the statute.")

**{¶64}** Finally, as to First American, Glazer alleges that the company caused Cindy Smith to produce a fraudulent "lost note" affidavit. But the affidavit was not a service provided for Glazer. The lost note affidavit was a service provided for Chase in the foreclosure lawsuit and, therefore, cannot fall under the definition of a "consumer transaction." Moreover, the affidavit was filed on June 11, 2008, more than a month before the property transferred to Glazer on July 25.

**{¶65}** In light of the above, Glazer was not involved in a consumer transaction with Chase, the Reimer Firm, or First American.

### C. Supplier

**{¶66}** R.C. 1345.01(C) defines a "supplier" as a:

seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in section

1345.091 of the Revised Code. For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender.

**{¶67}** In its order granting the motions to dismiss, the trial court noted that the federal district court specifically found that the Reimer Firm was not engaged in debt collection. In this appeal, Glazer argues that because the federal appellate court reversed the district court's holding in that regard and found that the Reimer Firm was engaged in debt collection under the FDCPA, the firm also qualifies as a supplier under the OCSPA. Glazer further argues that Chase qualifies as a debt collector and thus a supplier because it regularly collected, or attempted to collect, debts owed or due another. Finally, Glazer claims that First American is a debt collector and thus a supplier because the company's principal business purpose was to enforce security interests in real property or facilitate enforcement of security interests through judicial foreclosures on behalf of lenders and servicers.

**{¶68}** The parties again look to *Anderson,* 136 Ohio St.3d 31, 2013-Ohio-1933, 989 N.E.2d 997, to support their respective positions. The plaintiff in *Anderson* proposed that because mortgage servicers engage in certain transactions with borrowers, they essentially function as collection agencies, and are therefore "suppliers" under the OCSPA. Defendant Barclay's argued that mortgage servicers perform services for financial institutions, not for borrowers, thus, the transactions are commercial in nature and are not covered by the OCSPA.

**{¶69}** The court agreed with Barclay's, holding that entities that service residential mortgage loans are not "suppliers * * * engaged in the business of effecting or soliciting consumer transactions" within the meaning of the OCSPA. *Id.* at paragraph one of the syllabus. The court reasoned that mortgage servicers

> do not engage in the business of effecting or soliciting consumer transactions. The residential mortgage transaction is a transaction that occurs between the financial institution and the borrower. Mortgage servicers are not part of this transaction. And simply servicing the mortgage is not causing a consumer transaction to happen. Similarly, mortgage servicers do not seek to enter into consumer transactions with borrowers.

*Id.* at ¶ 31. Thus, "the term 'supplier' under the OCSPA does not include a mortgage servicer." *Id*. at ¶ 28.

**{¶70}** Glazer argues that *Anderson* is distinguishable because the controversy in *Anderson* arose from conduct solely related to mortgage servicing vis-a-vis a mortgage loan. Glazer distinguishes servicing a primary mortgage loan to "default servicing" and argues that *Anderson* does not address the question of whether foreclosure law firms (Reimer), default servicers (Chase), and default outsourcers (First American) are "suppliers" under the OCSPA.

**{¶71}** Glazer argues that because First American, the Reimer Firm, and Chase are all either debt collectors or agents thereof, they fall under the purview of the OCSPA. But because we found that Glazer was not involved in a consumer transaction with any of the defendants-appellees, we need not further determine whether defendants-appellees were suppliers, or whether Glazer was a consumer; Glazer's OCSPA cause of action fails

because he was not involved in a consumer transaction under the statute.

{¶72} Therefore, the trial court did not err when it granted the motion to dismiss Glazer's OCSPA claim against Chase, the Reimer Firm, and First American.

{¶73} The third assignment of error is overruled.

### VII.   R.C. 1319.12 Cause of Action

{¶74} In the fourth assignment of error, Glazer claims that the trial court erred in finding that he could not bring a cause of action against Chase pursuant to R.C. 1319.12. Glazer contends that the statute allows for a private cause of action because there is nothing in Ohio law prohibiting it.

{¶75} R.C. 1319.12 authorizes the assignment of certain creditor claims to collection agencies and sets forth requirements for those collection agencies to commence litigation for the collection of such claims.      *Barcosh, Ltd. v. Dumas*, 6th Dist. Lucas No. L-10-1001, 2010-Ohio-3066, ¶ 12.   The statute regulates the actions of collection agencies only, *id.*, and defines a collection agency as "any person who, for compensation, contingent or otherwise, or for other valuable consideration, offers services to collect an alleged debt asserted to be owed to another."   R.C. 1319.12(A)(1).

{¶76} Glazer has not alleged that *he* qualifies as a collection agency; he argues that since Chase is a collection agency, he should be able to sue Chase under this statute.   But contrary to his claim, a private right of action is not presumed where no remedy is provided for in the statute; "in order for a statute to offer a private right of relief, the statute must say so." *Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884,

2003-Ohio-6893, ¶ 44.   R.C. 1319.12 does not so provide.

**{¶77}** Accordingly, the trial court was correct in dismissing this claim against Chase for failure to state a claim for which relief could be granted.

**{¶78}** The fourth assignment of error is overruled.

### VIII.   Intentional/Negligent Misrepresentation and Concealment of Material Facts

**{¶79}** In the fifth assignment of error, Glazer contends that the trial court erred in dismissing his misrepresentation and concealment of material facts causes of action. Glazer argues that he pleaded sufficient facts to put the defendants on notice of his claims and the court erred in dismissing his claims based on a pleading deficiency.

**{¶80}** In Ohio, "[o]ne who fraudulently makes a representation of * * * intention * * * for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation." *EverStaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 96108, 2011-Ohio-4824, ¶ 27, citing *Applegate v. N.W. Title Co.*, 10th Dist. Franklin No. 03AP-855, 2004-Ohio-1465, ¶ 22.   "To establish a right to relief for a claim of fraudulent representation or concealment, a plaintiff must establish the following elements:

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to

whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Northpoint Properties v. Charter One Bank*, 8th Dist. Cuyahoga No. 94020, 2011-Ohio-2512, ¶ 60, citing *Groob v. Key Bank*, 108 Ohio St.3d 348, 357, 2006-Ohio-1189, 843 N.E.2d 1170.

**{¶81}** In his fourth, fifth, and sixth causes of action, Glazer alleged intentional misrepresentation, negligent misrepresentation, and concealment of material facts, citing a conspiracy by defendants to defraud him by representing that Chase was the owner and holder of the promissory note on the Bristol Road property when, in reality, Fannie Mae owned and held the note.   Glazer further alleged that he justifiably relied on the defendants' misrepresentations "in dealing with the alleged lien on the property, the administration of the will of Mr. Klie, and the management and maintenance of the distributed probate assets."   First Amended Complaint ¶ 153, 168.   Had he known the "true facts," Glazer alleged, "he would not have taken such actions."   The defendants' wrongful acts caused him "to suffer monetary damages, loss of business opportunity, loss of reputation, anguish, and emotional distress."   *Id*. at ¶ 153, 154, 162, 169.

**{¶82}** In its order granting the motions to dismiss, the trial court stated that "these claims * * * fail as the plaintiff has not shown the requisite justifiable reliance on the alleged misrepresentation or concealment."

**{¶83}** A cause of action for fraud will only lie when the complainant actually relied upon the representation, to his or her detriment, and the claimed injury must flow from the complainant's reliance on the alleged misrepresentation. *Morgan Stanley Credit Corp. v. Fillinger*, 8th Dist. Cuyahoga No. 98197, 2012-Ohio-4295, ¶ 25, *appeal not allowed*, 134 Ohio St.3d 1487, 2013-Ohio-902, 984 N.E.2d 30. Failure to plead the elements of fraud with particularity results in a defective claim that cannot withstand a Civ.R. 12(B)(6) motion to dismiss. *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 21 (10th Dist.), citing Civ.R. 9(B).

**{¶84}** In his first amended complaint, Glazer alleged he justifiably relied on defendants-appellees' assertions that Chase was the owner of the note, but a careful review of the complaint shows he did not support his conclusions with any facts nor did he identify any act he took in reliance on those representations. And although he sought damages, he did not allege how it was he incurred any of those damages by justifiably relying on their alleged misrepresentations.

**{¶85}** On appeal, Glazer argues that he based his dealing with the Klie estate, such as entering into a contract for distribution, and his actions regarding the Bristol Road property, such as mold remediation and renovation, by relying on Chase being the true mortgagee. But Glazer does not allege how these dealings related to the identity of the mortgagee, what he would have done differently if he had known the true owner's identity, or how he relied on the alleged falsehood in conducting himself on matters relating to the property. Moreover, Glazer alleged in the foreclosure action that he contested Chase's

legal standing and the validity of the debt. First Amended Complaint, ¶ 81, 82, 86. Thus, we fail to see how he justifiably relied on alleged misrepresentations when he vigorously contested those representations in the foreclosure case. *See Morrow* at ¶ 22 (appellants cannot prove any set of facts to establish that they relied on appellees' alleged misrepresentations regarding whether business operated under a fictitious name because appellants vigorously contested that issue in prior litigation. Thus, plaintiff cannot show any injury proximately caused by reliance on defendants' alleged misrepresentation).

{¶86} Based on these facts, the trial court did not err in dismissing Glazer's misrepresentation and concealment claims.

{¶87} The fifth assignment of error is overruled.

## IX.   Conspiracy

{¶88} In the sixth assignment of error, Glazer claims that the trial court erred in dismissing his conspiracy claim. The trial court found that Glazer had not alleged facts that supported his conclusion that the defendants engaged in any agreement or scheme to engage in a wrongful act or commit fraud.

{¶89} A civil conspiracy requires: (1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself. *Urbanek v. All State Home Mtge.*, 178 Ohio App.3d 493, 500, 2008-Ohio-4871, 898 N.E.2d 1015, ¶ 19 (8th Dist.), citing *Universal Coach, Inc. v. New York City Transit Auth. Inc.*, 90 Ohio App.3d 284, 292, 629 N.E.2d 28 (8th Dist.1993); *see also Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475,

700 N.E.2d 859 (1998). Bare allegations of conspiracy are not sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**{¶90}** In this cause of action, Glazer alleged the defendants filed a foreclosure complaint seeking to collect on a debt without disclosing that Fannie Mae was the actual creditor and owner of the promissory note and "sought to circumvent the probate court jurisdiction and side-step the requirement for asserting a creditor claim against the estate of the deceased in an attempt to induce and/or coerce Plaintiff to pay off a debt not owed" and pay for other unauthorized expenses. First Amended Complaint, ¶ 138, 139.

**{¶91}** Glazer further alleged that the defendants wrongfully took possession of the Bristol Road property, Chase deliberately and fraudulently claimed the right to enter and possess the property, and as a proximate result of the conspiracy, he suffered monetary damages, loss of business opportunity, loss of reputation, loss of enjoyment of property rights, anguish, and emotional distress. First Amended Complaint, ¶ 140, 142, 143. Thus, Glazer premised his conspiracy claim on the defendants' "conspiracy to defraud." First Amended Complaint ¶ 136.

**{¶92}** "An action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed." *Williams v. United States Bank Shaker Square*, 8th Dist. Cuyahoga No. 89760, 2008-Ohio-1414, ¶ 16, citing *Gosden v. Louis*, 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (9th Dist.1996). As such, Glazer must show an underlying unlawful act to support his conspiracy claim. But we have already found held that Glazer failed to state a claim of misrepresentation, concealment, or a statutory violation against

defendants-appellees. Therefore, Glazer also cannot state a claim for conspiracy to defraud against defendants-appellees. *Gator Dev. Corp. v. VHH, Ltd.*, 1st Dist. Hamilton No. C-080193, 2009-Ohio-1802, ¶ 32-33.

**{¶93}** As to any other unlawful act that defendants-appellees allegedly conspired to do, Glazer has given no more than vague or conclusory allegations unsupported by material facts. *See Williams* at ¶ 17.

**{¶94}** Therefore, the trial court correctly granted the defendants-appellees' motions to dismiss Glazer's conspiracy claim.

**{¶95}** The sixth assignment of error is overruled.

## X. Second Amended Complaint

**{¶96}** In the seventh assignment of error, Glazer argues that the trial court erred in denying his motion for leave to amend his complaint a second time.

**{¶97}** The decision whether to allow a party leave to amend a complaint lies exclusively within the discretion of the trial court and the ruling will not be disturbed on appeal absent an abuse of discretion. *Richard v. WJW TV-8*, 8th Dist. Cuyahoga No. 84541, 2005-Ohio-1170, ¶ 21, citing *Natl. Bank of Fulton Cty. v. Haupricht Bros.*, 55 Ohio App.3d 249, 251, 564 N.E.2d 101 (6th Dist.1988). An abuse of discretion connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶98}** A party seeking leave to amend a pleading is required to do so in good faith, therefore "there must be at least a prima facie showing that the movant can marshal

support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic or one which would cause prejudice to the defendant." *Richard* at ¶ 23, citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991).

"Where the movant fails to present operative facts in support of the new allegations, a court does not abuse its discretion in denying a motion to amend." *Id.* citing *id.*

{¶99} In *Richard*, the appellant filed a brief in opposition to the appellees' motion to dismiss alternatively seeking leave to amend his complaint. But this court found that he gave no grounds for why leave should be granted, failed to explain what new matters he wished to include in an amended pleading, and did not explain how an amendment would cure the deficiencies in his initial complaint. This court concluded that the appellant failed to make a prima facie showing that he could marshal support for new matters he intended to plead and, therefore, the trial court did not abuse its discretion in denying the appellant leave to amend his complaint. *Id.* at ¶ 24.

{¶100} This case is analogous to the situation in *Richard*. Here, Glazer filed his brief in opposition to the appellees' motion to dismiss on November 2, 2010. On the last page of his motion, he filed a one paragraph "Motion for Leave to Amend" stating:

Should this Court find that Plaintiff's complaint is not legally sufficient under Civ. Rule 8(a) & 12(b)(6)[,] Plaintiff respectfully requests leave to amend the complaint and allege additional facts in support of his claims. Further, Plaintiff respectfully request[s] leave to amend and to add a party

Defendant. Plaintiff believes that during the relative time period stated Beth Cottrell was an employee of [First American] and an officer of [Chase] and is one of the co-conspirators sued as John Does 1-4.

{¶101} Glazer renewed his request in March 2013, over two years after the motions to dismiss had been granted. Glazer gave no grounds for why leave should be granted, other than if the trial court found the complaint to be legally insufficient, the court should grant him leave to amend his complaint. He entirely failed to explain what new matters he would include in an amended pleading, and he failed to explain how an amended complaint would cure any deficiencies. Instead, he improperly put the onus on the trial court to determine whether his complaint was legally sufficient and then allow him to cure any deficiencies. Glazer also did not attach a proposed second amended complaint to his motion. Simply put, it is not the trial court's job to figure what a complaint's deficiencies are and then inform the plaintiff where his causes of action are lacking so he can have "another bite at the apple."

{¶102} The trial court did not abuse its discretion in denying him leave to amend his complaint a second time.

{¶103} The seventh assignment of error is overruled.

## XI. Federal Jurisdiction

{¶104} In the eighth assignment of error, Glazer argues that the trial court erred in issuing its Civ.R. 54 certification because the federal court should have jurisdiction over his state claims. But, as noted above, the federal court expressly declined to exercise

jurisdiction over Glazer's state claims.

{¶105} We find no error in the court's decision to issue a final order. Glazer had once appealed the court's decision to grant the defendants' motions to dismiss that was dismissed by this court because there was no final, appealable order. The court's Civ.R. 54 certification made it so Glazer could file the instant appeal. Without the certification, Glazer would not be able to pursue review of the trial court's decision to grant the motions to dismiss.

{¶106} The eighth assignment of error is overruled.

## XII. Motion for Reconsideration

{¶107} In the ninth assignment of error, Glazer argues that the trial court erred in denying his Civ.R. 60(B)(4) motion for reconsideration against Chase.

{¶108} An appellate court reviews the denial of a motion for relief from judgment for an abuse of discretion. *Marquee Capital v. Adiyan*, 8th Dist. Cuyahoga No. 97630, 2012-Ohio-3154, ¶ 7, citing *Shuford v. Owens*, 10th Dist. Franklin No. 07AP-1068, 2008-Ohio-6220, ¶ 15. To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶109} Glazer claims that the trial court should have granted his motion pursuant to Civ.R. 60(B)(4), which provides that "the judgment has been satisfied, released or

discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Glazer argues that the trial court dismissed the OCSPA claims against Chase by relying on *Glazer I*, but since the Sixth Circuit reversed the district court in *Glazer II*, he should be afforded relief. We disagree.

{¶110} In order to prevail on a Civ.R. 60(B) motion, Glazer must still show a meritorious claim, but he is unable to do so. The Sixth Circuit's determination in *Glazer II* that mortgage foreclosure is debt collection under the FDCPA does not establish a claim pursuant to the OCSPA against any of the defendants-appellees. *Glazer II* did not address whether Glazer properly alleged an OCSPA claim against Chase; in fact, the *Glazer II* court found that the claims against Chase could not go forward because Chase was servicing the mortgage before it fell into default. For reasons discussed previously, the OCSPA claims against Chase, as well Glazer's other claims against the company, fail.

{¶111} Therefore, the trial court did not err when it denied Glazer's motion for relief from judgment.

{¶112} The ninth assignment of error is overruled.

{¶113} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR